55   221
160s 371

## M. T. Martin et al. v. Patrick J. Sexton.

1.  WAIVER—*Of Technical Rights.*—If a party litigant waives, expressly or by his conduct, a technical right, he can not complain.

**Memorandum.**—Creditor's bill.  In the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.  Heard on error in this court at the October term, 1894, and affirmed.  Opinion filed October 15, 1894.

A. L. FLANINGHAM and L. B. HILLES, attorneys for plaintiffs in error.

ALEX. S. BRADLEY, attorney for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

As shown in 37 Ill. App. 537, this case has been here before, with the title reversed.

October 31, 1891, the Supreme Court reversed the judgment of this court and remanded the cause "to the Superior Court of Cook County for such other and further proceedings as to law and justice shall appertain, not inconsistent with the views expressed in an opinion this day filed in Abraham Lochman et al. v. Morris T. Martin et al."

The opinion referred to is reported in 139 Ill. 450.

The cause was disposed of in the Superior Court, when returned there, in a very irregular manner. The complainant moved (I copy from the record) "to have the decree which is herewith submitted to your inspection entered *motion upon opening* of Supreme Court and files and proceedings in said cause."

The parties stipulated that "on the hearing of said motion either party may read the printed abstract of the record which was filed in the Supreme Court of Illinois in said case instead of the record itself; or part of said abstract when the record itself would be admissible."

The decree recites "that this cause coming on to be heard again the counsel for complainant shows to the court here" the order remanding the case to the Superior Court; the opinions of the Supreme Court in this and the Lochman case; the abstract of the pleadings and evidence in this cause used in the Supreme Court; and upon this showing the court entered a final decree for the complainant. The decree recited that the cause was argued by counsel, all parties being present in court.

That this decree is such as ought to have been entered on the first hearing upon the evidence then presented, can not be questioned. The plaintiff in error offered no new or ad-

ditional evidence, and it seems clear that both parties understood that they were presenting the case for the determination of the court upon the real merits, and that the real merits were shown by the documents introduced.

The certificate of evidence prepared by the plaintiffs in error, sets out all the documents at large, and states, doubtless by a clerical error, that they were introduced by "defendant." Let it be admitted that the oral testimony on the first hearing, though presented in the then certificate of evidence, is not a part of the record to be used as evidence on a second hearing, but that the witnesses should be again called; and also that the then defendants had the right to put in evidence; yet if they waived, expressly or by conduct, their technical rights, there is no error. The decree is affirmed.